IN RE REBECCA W.
(4161)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 5—decision released July 8, 1986

*Brian W. Smith,* for the appellant (respondent).

*Ellen M. Telker,* for the appellee (petitioner).

*James E. Swaine,* for the minor child.

Dupont, C. J. This case involves a petition for the termination of the parental rights of a father in his minor child. The petition was filed by the child's mother pursuant to General Statutes § 45-61c (a). In its memorandum of decision, the trial court concluded that the parental rights of the father should be terminated. On appeal, the father claims that the trial court erred (1) in exercising jurisdiction under General Statutes § 45-61c to terminate his parental rights when no subsequent adoption was contemplated, and (2) in concluding that the termination of parental rights was in the best interest of the minor child.

The following facts are not in dispute. The petitioner and respondent were married in 1980 after knowing each other for only a brief period of time. At the time of the marriage, the petitioner was unaware that her husband had a prior history of sexual assaults. The couple experienced serious housing and financial difficulties based on the husband's inability to find continuous employment. During her pregnancy, the petitioner left her husband and returned home to live with her parents in order to provide better care for her unborn child. As a result of an assault he committed on the night his wife left him, the respondent was convicted of sexual assault in the first degree and was incarcerated at the time the petition to terminate his parental rights was filed.

The minor child was born in January, 1981. The petitioner obtained a divorce from her husband in 1982. At the time of the trial court's decision, the father had never seen the minor child. Other than two birthday cards and a Christmas card, he has had no contact with his daughter. The father did not intend to seek custody if his parental rights were not terminated and planned to visit his daughter only three or four times a year.

The father's first claim of error is that the trial court erred in terminating his parental rights under General

Statutes § 45-61c when no subsequent adoption was contemplated. The father argues that the termination of parental rights is but one part of the larger adoption process and, therefore, a parent's rights cannot be terminated if a subsequent adoption is not alleged in the petition to terminate. He bases this conclusion on a comparison of § 45-61c (a), as amended by Public Acts 1984, No. 84-449,[1] and General Statutes § 45-61b (g).[2] It is his contention that General Statutes § 45-61c (a), as amended, is inconsistent with the statutory definition provided in the latter statute.

On the same day that the trial court issued its memorandum of decision ordering that the father's parental rights be terminated, our Supreme Court issued its decision in the case of *In re Theresa S.,* 196 Conn. 18, 491 A.2d 355 (1985). In that case, the court resolved the issue by stating that a parent's rights can be terminated without an ensuing adoption. Id., 30. "Although petitions for termination are presumably seldom brought unless prospective adoptive parents are available; *In re Juvenile Appeal (Anonymous),* 177 Conn. 648, 673, 420 A.2d 875 (1979); it is clear that there are circum-

---

[1] General Statutes § 45-61c, as amended, provides in pertinent part: "(a) Any of the following persons may petition the court of probate to terminate parental rights of all persons who may have parental rights regarding any minor child or for the termination of parental rights of only one parent provided the application so states: (1) Either or both parents, including a parent who is a minor . . . ." Prior to the amendment, the statute provided that the same persons might petition the probate court for termination of parental rights *if adoption is contemplated.* The italicized words were deleted by the amendment. An earlier petition of the mother, brought prior to the petition in this case and prior to the statutory amendment, was dismissed because the petition failed to allege that an adoption would take place after the termination of the father's parental rights.

[2] General Statutes § 45-61b (g) provides in pertinent part that the termination of parental rights "means the complete severance by court order of the legal relationship, with all its rights and responsibilities, between the child and his parent or parents so that the child is free for adoption except it shall not affect the right of inheritance of the child or the religious affiliation of the child."

stances wherein termination of a parent's rights is not followed by adoption." *In re Theresa S.,* supra, 31. The definition provided in General Statutes § 45-61b (g) makes it clear that there can be no adoption unless parental rights are first terminated but cannot be interpreted to mean that there cannot be termination of those rights unless adoption is contemplated. *In re Theresa S.,* supra, 30–31.

The father's interpretation of the relevant statutory provisions as requiring the contemplation of an adoption following the termination of parental rights is incorrect. The trial court had jurisdiction under General Statutes § 45-61c (a) to terminate the father's parental rights.

The father's second claim of error is that the trial court erred in concluding that it was in the best interest of the minor child to terminate his parental rights. In his claim, the father challenges the expert testimony which the trial court relied upon in finding that he would pose a threat to the physical and psychological well-being of his daughter. He also claims that there was insufficient evidence for the trial court to conclude that termination was in the child's best interest.

The claims submitted by the father are more appropriately directed toward the trier of fact and not to an appellate court. " '[W]e are not in a position to second-guess the opinions of witnesses, professional or otherwise, nor the observations and conclusions of the [Superior Court for Juvenile Matters] when they are based on reliable evidence.' " (Brackets in original.) *In re Theresa S.,* supra, 27, quoting *In re Juvenile Appeal (83–BC),* 189 Conn. 66, 77, 454 A.2d 1262 (1983). The trial court, in a detailed and well-reasoned memorandum of decision, found that "in the instant case there is clear and convincing evidence, from the testimony of [the expert witness] and the petitioner, that the con-

tinuation of the [respondent's] parental rights would have a clearly detrimental effect on the future well-being of the child." In considering the statutory criteria listed in General Statutes § 45-61f, the trial court concluded that "[s]ince there would be no discernible benefit to the child, but rather a clear detriment, from her introduction for the first time to her father when she is five or six years old, it is clearly in her best interests for her father's parental rights to be permanently severed now, before he is released into the community." The evidence in this case clearly supports the trial court's decision to terminate the parental rights of the father. See *In re Theresa S.,* supra.

There is no error.

In this opinion the other judges concurred.

