## In re Angela C. et al.*
### (5552)

Dupont, C. J., Hull and Spallone, Js.

Argued June 2—decision released July 14, 1987

*Leon M. Kaatz,* for the appellant (respondent mother).

*Heather Wilson,* assistant attorney general, with whom were *Jane S. Scholl,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (petitioner).

Dupont, C. J. This is an appeal by a mother from the granting of a petition to terminate her parental rights in her several children, which was granted pursuant to General Statutes § 17-43a. The trial was held

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

over four days. After the conclusion of the second day of the trial, the trial court issued a memorandum of decision which found that grounds existed to terminate her parental rights, but which continued the hearing to allow her rehabilitative time, in the hope that the petition would not need to be granted. At the continued hearing, the court reiterated that sufficient grounds existed for the termination of her parental rights, but again continued the final determination of the action, and scheduled another hearing. Subsequent to that last hearing, the trial court granted the petition to terminate parental rights.

The respondent argues that the trial court erred in continuing the proceedings on the termination petitions. She argues that she was entitled to an adjudication at the close of the second hearing, and that, if one had been forthcoming, her parental rights could not have been terminated because the evidence was insufficient. The trial court stated, both at the time the case was continued and at the time of the ultimate resolution of the action, that sufficient evidence existed to grant the petition. The respondent has failed, therefore, to allege or demonstrate that this action of the trial court harmed her in any way. *Manning* v. *Michael*, 188 Conn. 607, 611, 452 A.2d 1157 (1982). Furthermore, a continuance in termination of parental rights cases, as well as in other cases, lies within the discretion of the trial court. *State* v. *Williams*, 200 Conn. 310, 320, 511 A.2d 1000 (1986).

The respondent's second claim is that the evidence presented at the hearings was not sufficient to establish by "clear and convincing evidence" that it was in the best interests of the children to grant the petition. General Statutes § 17-43a (b).

The essence of the respondent's claim is that the trial court's decision to grant the petition was contrary to

the weight of the evidence because of the testimony presented by the psychologist who had testified at the first two hearings. The trial court was not required to accept the expert's opinion on the issue of whether to terminate the mother's parental rights, nor was the testimony of another expert required to support the trial court's judgment. See *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1986); *In re Teshea D.,* 9 Conn. App. 490, 493, 519 A.2d 1232 (1987). Our review of the record in this case reveals that the petitioner satisfied his burden of producing clear and convicing evidence to support his petition. The trial court's decision was legally correct and factually supported. See *In re Rebecca W.,* 8 Conn. App. 92, 95–96, 510 A.2d 1017 (1986).

There is no error.

In this opinion the other judges concurred.